

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 9, 1973

The Honorable Dr. H. Q. Sibley
Executive Director
Texas Animal Health Commission
1020 Sam Houston Building
Austin, Texas 78701

Opinion No. H- 58

Re: Entitlement of Commissioner
of Texas Animal Health
Commission to recover per
diem and expenses

Dear Dr. Sibley:

Your letter requesting our opinion stated that a recently appointed
Commissioner submitted an expense account for his initial months' service
which creates questions. The expense account which you have submitted,
as well as correspondence which we have received from the Commissioner
involved, indicate that he found it necessary to travel to Austin on several
occasions to get acquainted with office personnel and the status of various
programs of the Commission, to determine what avenues were open to the
Commission in the event the United States Department of Agriculture carried
out a threat to refuse to recertify Texas as a "modified-certified free State"
unless Texas took legislative action to upgrade its brucellosis program; to
travel to Washington, D. C. for talks with personnel of the United States
Department of Agriculture as well as with members of Congress to determine
if Texas would have Federal assistance cut off; and other similar trips. For
these trips the Commissioner has submitted a travel voucher on the form
prescribed by the Comptroller of Public Accounts itemizing his mileage,
his air transportation fees to and from Washington (which are supported by
an airline receipt) and his meals and lodging.

In your letter you point out that there were no Commission meetings
during the two months involved and that the minutes of the Commission do
not reveal any direction by the Commission to this Commissioner to perform
any of the travel and services for which reimbursement is claimed.

You also state that the Commissioner wants to know whether he is entitled
to the statutory $20.00 per day payment for each day on which he performs
some function attributable to Commission activities "irrespective of whether
such services were undertaken at the direction of the Commission."

Article 7009, Vernon's Texas Civil Statutes, covers the creation and the composition of the Texas Animal Health Commission which, prior to 1959, was the Livestock Sanitary Commission of Texas. As amended in 1965 (Acts 1965, 59th Leg., p. 217, Ch. 89) the statute calls for the appointment of six citizens as Commissioners, one of whom is to be designated as Chairman by the Governor. "Insofar as is practicable, the Commissioners appointed hereunder shall be appointed so as to give proportionate representation from the west, from the south, from the north, and from the eastern portions of Texas . . . "

Article 7009 concludes by stating: "Each Commissioner is entitled to receive $20 per diem plus the actual and necessary expenses incurred while in the performance of his official duties."

The duties of the Texas Animal Health Commission are broad and important. Generally they have to do with regulating the movement of livestock and the requirement of tests, immunization or dipping necessary as a protection against the dissemination of contagious, infectious or communicable livestock diseases (Article 1505a, § 2, Vernon's Texas Penal Code). They are spelled out in detail in Chapter 14 of the Penal Code of the State of Texas, Articles 1505a through 1525g.

Senate Bill No. 1 of the 3rd Called Session of the 62nd Legislature, the Appropriation Bill for the year ending August 31, 1973, appropriates to the Animal Health Commission $3,000 for the per diem of Board members. It also includes in Item 8, Consummable Supplies and Materials, etc., an appropriation for travel.

Reimbursement of travel expenses is governed generally by Article 6823a Vernon's Texas Civil Statutes, the Travel Regulations Act of 1959. It provides in § 6 that the Comptroller of Public Accounts is to promulgate rules and regulations to facilitate the execution of the travel regulations and, with the concurrence of the State Auditor to prescribe the form on which travel expenses are to be submitted. "The Comptroller shall approve claims for travel expense and issue warrants on basis of approved claims."

The rules and regulations issued by the Comptroller of Public Accounts do not provide for the determination of a contested or questioned claim. The form of the voucher which he has prepared does call for approval of the Agency.

In Attorney General Opinion V-145 (1947) this office had for consideration the authority of the then Livestock Sanitary Commission (now the Texas Animal Health Commission) to approve claims incurred in the enforcement of its statutory authority.   The conclusion of the Opinion was:

"The chairman of the Livestock Sanitary Commission has full authority to approve any and all claims incurred by the Livestock Sanitary Commission in the enforcement of the provisions of House Bill 19, Chapter 3, Acts of the Regular Session of the 50th Legislature. "

The statute referred to had to do with the establishment of quarantines to prevent the outbreak of Hoof and Mouth disease.

It appears that the only limitation imposed upon a Commissioner as to his expenses for which he is entitled to reimbursement is that they be "actual and necessary" and that they be "incurred while in the performance of his official duties. " Surely the official duties of a Commissioner must include more than merely attending meetings of the entire Commission and it is our opinion that each Commissioner of a department headed by a Commission has considerable discretion in determining what his activities are to be and what expenses he incurs. His discretion, however, is not unlimited.

Whether or not the services are "in the performance of his official duties" is a determination to be made primarily by the Commissioner himself and certified to in his travel voucher; secondly by the Commission Chairman in approving or disapproving the voucher for payment; and thirdly, by the Comptroller of Public Accounts.

## SUMMARY

Entitlement to reimbursement of travel expense and per diem of a member of the Texas Animal Health Commission is not dependent upon whether it was incurred in attending Commission meetings or whether it had been expressly directed by the Commission.  A Commissioner has a great deal of discretion in determining whether or not his actions are "in the performance of his official duties, "  However, because funds appropriated for such expenses are limited, the discretion is not unlimited.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee